IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TONI PAUL CAYTON,

                                                                                ORDER

                Petitioner,

                                                               08-cv-570-bbc

     v.

JUDGE DENNIS FLYNN, ROBERT FLANCHER,
MICHAEL NIESKES, DENNIS JANNIS, JOHN
CABRANES, JAMES R. LUCIUS, STEPHEN A.
SIMANEK, CHARLES N. CLEVERT, JUDGE THOMAS
CURRAN, JOHN L. COFFEY, JOEL M. FLAUM,
WILLIAM J. BAUER, MICHAEL S. KANNE,
WILLIAM K. SUTER, NEAL NETTESHEIM,
HARRY G. SNYDER, RICHARD S. BROWN,
DANIEL P. ANDERSON, SHIRLEY S. ABRAHAMSON,
JON P. WILCOX, ANN WALSH BRADLEY,
PATRICK N. CROOKS, PATIENCE D. ROGGENSACK,
LOUIS B. BUTLER, PEGGY A. LAUTENSCHLAGER,
GREGORY M. WEBER, DAVID ISRAELITE, JIM DOYLE,
JOHN C. SHABAZ, ALAN LOURIE, RANDALL RADER,
ALVIN SCHALL and CHRISTINE ODELL COOK MILLER.

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On October 3, 2008, I denied petitioner Toni Paul Cayton's request for leave to proceed in forma pauperis because he did not qualify for in forma pauperis status under 28 U.S.C. § 1915(g). I found that on at least three prior occasions, petitioner was denied leave

1

to proceed in forma pauperis in lawsuits that were legally frivolous. See Cayton v. Flynn, 99-C-368 (E.D. Wis. Feb. 24, 2000); Cayton v. Flancher, 99-C-369 (E.D. Wis. Feb. 24, 2000); and Cayton v. Jannis, 99-C-370 (E.D. Wis. Feb. 24, 2000).  I also found that  he did not allege facts from which an inference may be drawn that he was under imminent danger of serious physical injury.  In his complaint, he alleged that the respondent state and federal judges, lawyers, and the Wisconsin  governor conspired to violate his constitutional rights during the course of his state court  criminal trial, subsequent appeals and motions for post-conviction relief including a federal petition for a writ of habeas corpus.  Finally, I advised petitioner that if he chose to pursue this case as a paying litigant, he was required to submit a check or money order made payable to the clerk of court in the amount of $350 no later than October 23, 2008.

Rather than paying the filing fee, petitioner has submitted a motion titled "Reconsideration Motion For Relief From Order of Judgement; And Joinder of Person Needed for Just Adjudication Pursuant (F. R. CV. P.) Rules 60 and 19 & 59(e)." (Dkt. # 12) Although his motion is mostly unintelligible, I understand him to be saying that he is not going to proceed as a paying litigant, that he believes I erred in counting three strikes against him and that if I do not change my opinion, he wishes to appeal the decision and proceed on appeal in forma pauperis .  Therefore, I will direct the clerk to close this file.  In addition, I will construe petitioner's submission as including a motion to alter or amend the final

2

decision in this case pursuant to Fed. R. Civ. P. 59, as well as a notice of appeal and a request for leave to proceed in forma pauperis on appeal.

Petitioner's motion to alter or amend the October 3, 2008 order pursuant to Fed. R. Civ. P. 59 must be denied. The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006). In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

In his motion, petitioner has presented no newly discovered evidence. Neither has he shown that I made a manifest error of law or fact. He has presented no evidence that he is in imminent danger or that, on at least three prior occasions, he was not denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Therefore, there is no basis for granting petitioner's Rule 59 motion.

In the alternative, petitioner seeks to appeal my October 3, 2008 order and proceed in forma pauperis on appeal. Unfortunately for petitioner, as before, he is not eligible to proceed on appeal in forma pauperis because he has struck out under 28 U.S.C. § 1915(g)

3

and the matter he wishes to appeal does not qualify for imminent danger exception in 28 U.S.C. § 1915(g). Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $455 fee for filing an appeal in full immediately. He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny petitioner's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether petitioner's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars petitioner from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, petitioner is responsible for insuring that the required sum is remitted to the court at the appropriate time. Also, whether the court of appeals allows petitioner to pay the fee in installments or agrees with this court that he owes it immediately, petitioner's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that

1. This case is DISMISSED for petitioner's refusal to pay the $350 filing fee. The clerk of court is directed to close the file.

2. Petitioner's Rule 59 motion is DENIED.

3. Petitioner's submission is construed to include a notice of appeal and a request leave to proceed in forma pauperis on appeal, which is DENIED because three strikes have been recorded against petitioner under 28 U.S.C. § 1915(g). The clerk of court is directed to make sure that petitioner's obligation to pay the $455 is reflected in this court's financial records.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge